SAMUEL RATHBONE and MOSES RATHBONE *against*
JUSTUS RILEY.

THIS was an action of ejectment. The general issue was pleaded, and closed to the jury.

*A.* having made a conveyance of land to *B.*, and *B.* to *C.*; and *D.*, a creditor of *A.*, having attached the premises, in a suit against *A.*, and caused a copy of the attachment to be left in the town clerk's office, before the conveyance from *B.* to *C.*; such copy is notice to *C.*, and to all the world, of *D.*'s claim to the premises.

*Dwight* and *Z. H. Smith,* for the plaintiffs.

*Goodrich* and *J. Williams,* for the defendant.

The plaintiffs claimed title to the demanded premises, by the levy of an execution, in their favour, against *Josiah Brooks.*

The defendant claimed a title derived from *Brooks,* by regular conveyances.

On the 2d of *December,* 1803, *Brooks* gave a deed of the land in question to *Nathaniel Tryon,* which was soon afterwards recorded. *Tryon* conveyed to the defendant, by a deed, which was executed, and recorded, on the 30th of *May,* 1804.

It appeared that the plaintiffs, on the 21st of *January,* 1804, attached the land, as the property of *Brooks,* in a suit against him, returnable to the *Hartford* city court. A copy of that attachment, with the officer's doings thereon, was duly left in the town clerk's office. Having obtained judgment against *Brooks,* the plaintiffs took out execution, and on the 18th of *May,* 1804, had the same levied on the land, which was immediately appraised, and set off to them. The execution, with the officer's return, was recorded by the town clerk, on the 23d of the same month, and by the clerk of the city court, on the 2d of *June.*

Evidence was introduced, by the plaintiffs, to show that the deed from *Brooks* to *Tryon* was fraudulent.

The counsel for the defendant contended, that *he* was a *bonâ fide* purchaser without notice of any fraud, and without notice of the plaintiffs' attachment; and that *his*

title, therefore, was valid. To this point *Lee* v. *Abbe*(a) was cited.

The counsel for the plaintiffs insisted, that the copy of their attachment, left in the town clerk's office, was constructive notice to the defendant, and to all the world, of their claim against *Brooks*. And as to the doctrine established in *Lee* v. *Abbe*, they said, it did not apply to this case; because the plaintiffs' lien on the land accrued before the execution of the deed from *Tryon* to the defendant.

It was answered, contra, that the copy of an attachment against *Brooks*, in the town clerk's office, could not be constructive notice to the defendant, when he was about to take a conveyance from *Tryon*.

SWIFT, Pr. J. in summing up to the jury, said, that if they found the deed from *Brooks* to *Tryon* to be fraudulent, the copy of the attachment left in the town clerk's office, and the record of the execution, was constructive notice in law to the defendant, and to all the world, that the plaintiffs claimed the demanded premises; and that the levy of the execution by the plaintiffs vested in them a legal title thereto.

The jury found a verdict for the plaintiffs, which was accepted.

(a) 2 *Root*, 359.